# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Kasey Wunderlin, | : Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Wilshire Commercial Capital L.L.C. dba Wilshire Consumer Capital; and DOES 1-10, inclusive, | : **COMPLAINT** <br> : **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Kasey Wunderlin, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA") and the Georgia Fair Business Practices Act O.C.G.A. § 10-1-390, *et seq.* (the "GFBPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Kasey Wunderlin ("Plaintiff"), is an adult individual residing in Lilburn, Georgia, and is a "person" as defined by 47 U.S.C. § 153(39), and is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6)

5. Defendant Wilshire Commercial Capital L.L.C. dba Wilshire Consumer Capital ("WCC"), is a California business entity with its principal place of business located in Los Angeles, California, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

6. Within the last year, WCC began calling Plaintiff's cellular telephone, number 470-xxx-7849, in an attempt to collect an alleged debt owed by Plaintiff.

7. WCC placed calls to Plaintiff using an automatic telephone dialing system ("ATDS").

8. When Plaintiff answered calls from WCC, he heard silence and had to wait on the line before he was connected to the next available representative.

9. In July 2018, Plaintiff spoke with a live representative and requested WCC cease placing calls to him.

10. In April 2019, Plaintiff reiterated his request for Defendant to cease placing calls to him.

11. Nevertheless, WCC continued to place automated calls to Plaintiff's cellular telephone number.

12. Such action caused Plaintiff a significant amount of frustration and annoyance.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq*.

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

16. Defendant's telephone system(s) have some earmarks of a predictive dialer.

17. When Plaintiff answered calls from Defendant, he heard a silence before Defendant's telephone system would connect him to the next available representative.

18. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

21. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

22. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## VIOLATIONS OF THE GFBPA – O.C.G.A. § 10-1-390, et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Plaintiff incurred a Debt as a result of engaging into "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

27. Defendant's unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

28. Plaintiff suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

29. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

    A. Actual damages pursuant to O.C.G.A. § 10-1-399(a) against Defendant;

B. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

C. Cost of litigation and reasonable attorney's fees pursuant to O.C.G.A. § 10-1-399(d) against Defendant;

D. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C) and O.C.G.A. § 10-1-399(c);

E. Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendant;

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 05, 2019

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff, Kasey Wunderlin
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com